Minute Order Form (06/97)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3110 | **DATE** | 11/20/2003 |
| **CASE TITLE** | PAUL K. WILSON vs. NORTHEAST REGIONAL COMMUTER RAILROAD CORP. d/b/a Metra | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   **Defendant's motion (9-1) to dismiss is granted.**
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | NOV 2 4 2003 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | 17 |
| ✓ | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| DW | courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Paul K. Wilson,

    Plaintiff,

v.

Northeast Regional Commuter Railroad
Corp. d/b/a Metra,

    Defendant.

No. 03 C 3110
Judge James B. Zagel

**DOCKETED NOV 2 4 2003**

## MEMORANDUM OPINION AND ORDER

On January 11, 2003, Plaintiff Paul K. Wilson filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") against the Northeast Regional Commuter Railroad Corp ("Metra"). The EEOC determined that it would be unable to complete its investigation of Wilson's claim in a timely manner and sent Wilson a Notice of Right to Sue ("Notice"). The Notice was issued on January 31, 2003 and was allegedly received by Wilson on February 9, 2003. On May 9, 2003, Wilson filed this Complaint pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 alleging two unrelated instances of discrimination. First, Wilson claims he was eligible for and would have been given a position that was being offered at a lower pay rate than was given to a former non-black employee. Second, Wilson claims that Metra found him at fault in a car accident because of his race.

Metra now moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Rule 12(b)(6) is proper where it appears beyond doubt that



the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss, the court must construe all allegations in the complaint in the light most favorable to the plaintiff and accept all well-pled facts and allegations as true. *Bontkowski v. First Nat'l. Bank*, 998 F.2d 459, 461 (7th Cir. 1993).

First, Metra claims that Wilson's Complaint fails as a matter of law because it is untimely. Title VII, 42 U.S.C. §2000e-5(f), requires that all civil complaints be filed within 90 days of receiving notice from the EEOC. The Seventh Circuit has held that this ninety day period is analogous to a statute of limitations and begins to run when the plaintiff receives notice. *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1312 (7th Cir. 1984). Additionally, "the time limit is not flexible, even for pro se litigants, and a one-day delay is fatal." *Pressner v. Target Corp.*, No. 00-6636, 2001 U.S. Dist. LEXIS 3518 (N.D. Ill. Mar. 27, 2001) (citing *Davis v. Browner*, 113 F.Supp. 2d 1223, 1225 (N.D. Ill. 2000).

Metra disputes Wilson's claim that he received the Notice on February 9, 2003 because it was a Sunday, a day on which no mail is delivered. Metra argues for a receipt date of February 4, 2003, which would make Wilson's filing untimely by four days. Metra comes to this date by adding the three day legally assumed time for postal delivery, *Weiss v. Credit Suisse First Boston*, No. 03-85, 2003 U.S. Dist. LEXIS 389, at *2 (N.D. Ill. Jan. 8, 2003), to the issuance date given in the Notice.

However, the date of issuance pointed to by Metra is insufficient to overcome Wilson's asserted date of receipt. *Baines v. Chicago Board of Education*, No. 94-3493, 1995 U.S. App. LEXIS 40768 at *5 (7th Cir. Sept. 26, 1995). To warrant a change of the receipt date, Metra

would have to provide evidence that the Notice was actually mailed on the issuance date given in the letter. This could be done by "presenting records indicating that the letter was actually mailed.... or by presenting evidence of standard EEOC procedures with regard to mailing right to sue letters upon their issuance." *Id.* at *8. Although it is unlikely that Wilson received the Notice on a Sunday, it is still possible. For purposes of this motion, I must view the facts in the light most favorable to Wilson. Therefore, I find Wilson's Complaint was timely.

Next, Metra argues that Wilson's second claim concerning the alleged car accident should be dismissed because it was not filed in Wilson's original EEOC complaint. As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in the original charge of discrimination filed with the EEOC. *Cheek v. Western & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994; see also *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992) ("an aggrieved employee may not complain to the EEOC of only certain instances of discrimination and then seek judicial relief for different instances of discrimination.") Wilson's complaint includes a new paragraph containing evidentiary allegations and identifying claims related to a car accident that were not contained in the original EEOC complaint. Because this second claim of discrimination was not part of the EEOC complaint, it is dismissed.

Finally, Metra argues that Wilson's first claim should be dismissed for failure to state a claim upon which relief may be granted. The Supreme Court has held that a Title VII plaintiff carries "the initial burden under the statute of establishing a prima facie case of racial discrimination. This may be done by showing (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained

open and the employer continued to seek applicants from persons of complainant's qualifications. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The facts alleged in Wilson's first claim of discrimination cannot satisfy the third or fourth prongs of this test. While Wilson does allege that the position was being offered at a lower pay rate than was given to a former non-black employee, he does not allege that he actually applied for the position or was rejected from the position because of his race. Since Wilson has not alleged sufficient facts to establish a prima facia case for discrimination under Title VII, Wilson's first claim of discrimination is dismissed.

For the reasons stated above, Defendant Metra's Motion to Dismiss is GRANTED.

ENTER:

James B. Zagel
United States District Judge

DATE: 20 Nov 2003